IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA MILKO, )
)
Plaintiff, )
)
vs. ) 2:19-CV-00510-PLD
)
DIRECT RECOVERY GROUP, LLC, ERIC )
CARMICHAEL, KATHRYN )
CARMICHAEL and DOE 1-5, )
)
Defendants. )

## MEMORANDUM OPINION

Plaintiff commenced this action on May 2, 2019, against Defendants Direct Recovery Group, LLC,[1] Eric Carmichael, Kathryn Carmichael (collectively referred to as "Defendants") and "Doe 1-5" in which she alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"). Summons were issued against Direct Recovery, Eric Carmichael and Kathryn Carmichael on May 8, 2019. (ECF No. 4.) Plaintiff filed proofs of service on June 26, 2019, (ECF Nos. 7, 8 and 9) indicating that the Complaint was served on each of these Defendants on May 22, 2019. After Defendants failed to respond or otherwise plead to the Complaint, Plaintiff requested the entry of default against each of them, and the Clerk of Court entered a default against Direct Recovery, Eric Carmichael and Kathryn Carmichael on June 28, 2019. (ECF Nos. 12, 13 and 14.) Plaintiff voluntarily dismissed Does 1-5 thereafter. (ECF No. 15.)

Presently pending before the Court is Plaintiff's Motion and Memorandum in Support of Default Judgment and Attorneys' Fees ("Motion"). (ECF No. 16.) In her Motion, Plaintiff seeks

---

[1] According to the Complaint, Direct Recovery Group, LLC does business under the fictitious name of "ADR Group." (Compl., ¶ 3.) Both Eric Carmichael and Kathryn Carmichael are alleged to be the sole managing members of Direct Recovery Group. (*Id.*)

a judgment of $6,701.90, which consists of statutory damages of $1,000.00, $5,587.50 in attorneys' fees and $114.40 in costs.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. For the reasons that follow, a default judgment will be entered in favor of Plaintiff in the amount of $6,701.90.

**I. BACKGROUND**

Plaintiff's Complaint alleges that on May 16, 2018, Defendants, who are debt collectors as defined in the FDCPA, 15 U.S.C. § 1692a, communicated with Plaintiff by telephone and misrepresented that they had been hired to serve her with a lawsuit. (Compl., ¶¶ 3, 6, 7, 8.) Defendants told Plaintiff that they had been hired by HSBC Bank regarding a car that had been repossessed in 2010. (*Id.*, ¶ 8.) According to the Complaint, Defendants did not identify themselves to Plaintiff as debt collectors, tell her that they were calling in an attempt to collect a debt or advise her that any information obtained could be used for that purpose. (*Id.*)

Plaintiff, who was concerned that a lawsuit had been filed against her, subsequently retained Centennial Law Offices as her counsel. (*Id.*, ¶ 9.) Staff from Centennial Law Offices contacted Defendants, who confirmed that they were attempting to collect a debt, that they had contacted Plaintiff for that purpose and that there was no litigation pending against her. (*Id.*, ¶ 10.) Defendants also stated that HSBC Bank had been the original creditor of the debt and that the ADR Group was the current creditor as of March 2018. (*Id.*) Plaintiff's counsel performed a search and found no litigation pending against Plaintiff. (*Id.*, ¶ 11.)

The Complaint alleges that on information and belief, Defendants Eric Carmichael and Kathryn Carmichael directed an employee to misrepresent to Plaintiff that Defendants were hired to serve her with a lawsuit. (*Id.*, ¶ 12.) Plaintiff also asserts that Defendants failed to provide her

2

with the debt validation information required by the FDCPA pursuant to 15 U.S.C. §1692g(a). (*Id.*, ¶ 13.)

Based upon these facts, Plaintiff asserts five causes of action against Defendants. In Count I, she alleges that Defendants violated 15 U.S.C. 1692d(6) by failing to provide meaningful disclosure of their identity as debt collectors in their communication with Plaintiff and that the call to her was made in an attempt to collect a debt. Count II of the Complaint alleges that Defendants violated 15 U.S.C. 1692(e)11 by failing to disclose that their communication with Plaintiff was from a debt collector in an attempt to collect a debt, and that any information obtained as a result could be used for that purpose.

Next, in Count III, Plaintiff claims that Defendants violated 15 U.S.C. 1692g(a) by continuing in their collection efforts after failing to send Plaintiff debt validation information within five days of their initial communication with her. Count IV alleges that Defendants violated 15 U.S.C. 1692e(2), 1692e(5), and 1692e(10) by misrepresenting that litigation was pending against Plaintiff and that Defendants had been hired by HSBC Bank to serve Plaintiff with a lawsuit when, in fact, the ADR Group was the current creditor. Finally, in Count V, Plaintiff asserts that Defendants violated 15 U.S.C. 1692f by misrepresenting that litigation was pending against her and that Defendants had been hired by HSBC Bank to serve Plaintiff with a lawsuit.

## II. STANDARD OF REVIEW

A district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b)(2). Entry of default judgment is a matter within the sound discretion of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Three factors are examined in determining whether to grant a default judgment: prejudice to the plaintiff if default is denied; whether the defendant appears to have a litigable defense; and

whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Once a default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also Stout Street Funding LLC v. Johnson*, 2014 WL 5591043 *2 (E.D. Pa. Nov. 4, 2014).

### III. DISCUSSION

#### A. Liability

The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. §1692. In order to prove a claim under the FDCPA, a plaintiff must show that she is a consumer, the defendant is a debt collector, the complained-of practice is an attempt to collect a debt and the defendant has violated a provision of the FDCPA in doing so. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015). A "consumer" is defined by the FDCPA to include any person obligated or allegedly obligated to pay a debt, while a "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §§1692a(3),(6). A "debt" is the obligation of a consumer to pay money arising out of a transaction principally for personal, family or household purposes. 15 U.S.C. §§1692a(5).

All of Plaintiff's claims arise out of violations of the FDCPA and stem from the same basic set of uncontroverted facts. Plaintiff alleges that at the time of the events at issue, Defendants were debt collectors as defined by the FDCPA. She received a single call from a representative of Defendants on May 16, 2018, in an attempt to collect a debt. Defendants told her that they had been hired by HSBC Bank regarding a car that was repossessed in order to serve her with a lawsuit.

4

They did not identify themselves as a debt collector or advise Plaintiff that they were calling to collect a debt and that any information they obtained could be used for that purpose. Plaintiff subsequently retained counsel because she was concerned that a lawsuit had been filed against her. Her counsel learned upon contacting Defendants that they had called Plaintiff and were attempting to collect a debt for another creditor, the ADR Group, and not HSBC Bank as represented. No lawsuit was actually filed against Plaintiff and she never received any validation of the alleged debt.

These facts support the claims asserted by Plaintiff. First, she claims in Count I that Defendants violated Section 1692d(6) of the FDCPA, which prohibits harassment or abuse in debt collection practices, including the failure to make a meaningful disclosure of the caller's identity when placing a call to a consumer. Specifically, during the May 16, 2018 call to her, Defendants failed to disclose that their communication was from a debt collector and was being made to collect a debt. These facts are sufficient to prove a violation of this section of the FDCPA.

In Count II, Plaintiff pleads a violation of Section 1692e(11), which sanctions the failure to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. Again, it is uncontroverted that Defendants failed to disclose in their May 16, 2018 call that they were debt collectors and that any information conveyed during the call could be used to collect the debt. Thus, the factual allegations of the Complaint support a finding that Section 1692e(11) has been violated.

In Count III, Plaintiff alleges that by failing to provide validation of the alleged debt within five days of the initial communication on May 16, 2018, Defendants violated 15 U.S.C. § 1692g(a). This section requires, among other things, that a debt collector provide written notice within five

5

days of the initial communication to collect a debt that includes the amount of the debt and the identity of the creditor. A debt collector is also required to provide other notifications to the consumer within a thirty-day window. The Complaint does not allege that within five days, Plaintiff received any such notice. Thus, these facts demonstrate that Defendants did not comply with the requirements of 15 U.S.C. § 1692g(a).

The FDCPA also prohibits false statements by a debt collector, including those related to the character, amount or legal status of a debt; any services rendered by the debt collector; a threat to take action that cannot be taken or is not intended to be taken; or the use of a misrepresentation as a means to attempt to collect a debt. 15 U.S.C. § 1692e. Plaintiff alleges in Count IV that this section of the FDCPA was violated when Defendants misrepresented that litigation was pending when it was not, and when they falsely told Plaintiff that they had been hired by HSBC Bank to serve a lawsuit when they were actually attempting to collect a debt for the ADR Group, which had acquired the debt from HSBC Bank. These facts, which are accepted as true given Defendants' default, are sufficient to prove a claim under this section of the FDCPA.

Finally, in Count V, Plaintiff claims that by misrepresenting that litigation was pending and that they had been hired by HSBC Bank to serve a lawsuit, Defendants violated Section 1692f of the FDCPA, which prohibits a debt collector from using unfair or unlawful means to collect a debt. As these facts as pleaded demonstrate unfair practices under the FDCPA, Plaintiff has demonstrated a violation of Section 1692f.

Therefore, Plaintiff's unrefuted and well-pleaded facts are sufficient to establish Defendants' liability for violations of the FDCPA. The Court will next turn to the three factors that must be examined in order to determine whether to grant a default judgment. *Chamberlain*,

210 F.3d at 164. A review of these factors supports the entry of a default judgment in favor of Plaintiff.

First, Plaintiff will be prejudiced if default is denied. Defendants have failed to respond despite being served with the Complaint and the request for entry of default. Second, the admissions made by Defendants when contacted pre-suit by Plaintiff's counsel, as well as the fact that the Complaint states well-pleaded claims upon which relief can be granted, suggests that Defendants do not have a litigable defense. They failed to advise Plaintiff that they were debt collectors, falsely stated that a lawsuit had been filed, misrepresented the identity of the creditor and admitted to Plaintiff's counsel that at least some of their statements to Plaintiff were not true. Finally, based on the fact that Defendants were served and failed to respond in any manner, it must be concluded that their default is due to culpable conduct.

Therefore, the Court concludes that a default judgment is appropriately entered in this case. The Complaint was served upon Defendants, they have failed to appear and a default was entered against the Defendants by the Clerk of Court. Defendants are not infants, incompetent, or in the military service of the United States of America. In addition, the facts pleaded in the Complaint are sufficient to demonstrate violations of the FDCPA and the requisite factors have been met. Accordingly, the Court will now turn to the amount of damages to be awarded to Plaintiff.

B. Damages

Under the FDCPA, a debt collector who violates its provisions is liable to the consumer. An award of damages can include actual damages, statutory damages up to $1,000.00, attorneys' fees and costs. 15 U.S.C. § 1692k.

The damages sought by Plaintiff fall into three buckets. First, she requests statutory damages of $1,000.00. While Defendants' contact with Plaintiff was limited to one telephone call,

the communication included two significant false representations by Defendants—that a lawsuit was going to be served against her and that Defendants were hired by HSBC Bank. In fact, Defendants provided a script for the call to their employee or agent that included a false representation. The false statements made during the call were sufficiently concerning to Plaintiff that she retained counsel. Under this set of facts, the Court finds that an award of $1,000.00 is warranted.

Plaintiff also claims attorneys' fees in the amount of $5,587.50 and costs of $114.40. Attorneys' fees are mandatory under the FDCPA. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991). In support, Plaintiff has submitted the Declaration of Plaintiff's counsel, Robert Amador, who is with the Centennial Law Offices in Santa Barbara, California. Mr. Amador represents that he is a member of good standing of the California bar, practices almost exclusively representing plaintiffs in cases under the FDCPA and has been admitted to practice in multiple jurisdictions. His normal billing rate is $300.00 per hour. He has submitted his "billing file" for this case as an exhibit to his Declaration, which reflects billing for his time at $300.00 per hour and $50.00 per hour for paralegal work. It also itemizes the work performed in connection with this matter and the time spent for each task listed. The billing file reflects a total of $5,587.50 in attorneys' fees and $114.40 in costs for service upon Defendants.

As part of Plaintiff's Motion, she has also submitted an Attorney Fee Survey Report for 2015-2016 which reflects that Mr. Amador's hourly rate is consistent with the rates charged in this jurisdiction for experienced counsel performing similar work. It should also be noted that Mr. Amador's billing rate has been approved in at least two other FDCPA actions in the Western District of Pennsylvania: *Austin v. Trinity Hope Associates, LLC et al.*, Civil Action No. 1:15-cv-

00101; and *Bower v. NRA Group, LLC et al.*, Civil Action No. 1:18-cv-00389. Thus, the Court concludes that Mr. Amador's hourly rate is reasonable and appropriate given all of these factors.

The lodestar approach is appropriately used to examine the reasonableness of total billings in this matter. *See Student Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179 (3d Cir. 1995). This is the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *Id.* ; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). As required, the Court has reviewed each billing entry, including the nature of the service performed, the time spent in doing so, the professional who performed the work and the hourly rates for each such service. Based upon this review, it concludes that the work performed and total time spent on this case was reasonable and appropriate.

Finally, Plaintiff is also entitled to recover the costs of service of this lawsuit, which, as reflected in the billing file, total $114.40.

Plaintiff has demonstrated that she is entitled to a default judgment against Defendants and an award of statutory damages, attorneys' fees and costs.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for entry of a default judgment is granted. The Court will award statutory damages of $1,000.00, attorneys' fees of $5,587.50 and costs of $114.40. An appropriate order will follow.

Dated February 27, 2020					BY THE COURT:

							_____
							PATRICIA L. DODGE
							United States Magistrate Judge

9

Service by regular U.S. mail upon:

Direct Recovery Group, LLC
420 N. McKinley Street #111-407
Corona, CA. 92879

Eric Carmichael
420 N. McKinley Street #111-407
Corona, CA. 92879

Kathryn Carmichael
420 N. McKinley Street #111-407
Corona, CA. 92879